IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA** | : |
| v. | : CASE NO. 4:24-CR-12 |
| **MATTHEW AZOR** | : |
| Defendant. | : |

## PLEA AGREEMENT

The United States Attorney for the Middle District of Georgia ("United States") and Defendant Matthew Azor enter into this plea agreement, agreeing as follows:

(1)

Defendant acknowledges that Defendant has reviewed and discussed the Indictment against Defendant in this matter with Defendant's attorney and Defendant's attorney has explained to Defendant his/her understanding of the United States' evidence.

(2)

Defendant understands that Defendant is not required to plead guilty, and that Defendant has the right to plead not guilty and to elect instead to be tried by a jury. Defendant understands that at a jury trial Defendant would enjoy a presumption of innocence, and that the United States would have the burden of proving Defendant's guilt beyond a reasonable doubt. Defendant understands that Defendant would be entitled to the services of an attorney at all stages of such a trial. Defendant understands that Defendant would be entitled to confront and to cross-examine the United States' witnesses, and to present witnesses and evidence in Defendant's own behalf. Defendant understands that Defendant would have the right to testify in Defendant's own behalf,

1



but that Defendant could not be compelled to do so. Defendant has discussed these rights with Defendant's attorney. Defendant knowingly and voluntarily waives Defendant's right to plead not guilty and to proceed to trial.

(3)

Being fully cognizant of Defendant's rights, and in exchange for the considerations to be made by the United States as set forth in Paragraph (4) below, Defendant agrees pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A), as follows:

(A)   Defendant is guilty and will knowingly and voluntarily enter a plea of guilty to Count Two of the Indictment which charges Defendant with Firearms Trafficking in violation of Title 18, United States Code, Section 933(a)(1).

(B)   Defendant fully understands that Defendant's plea of guilty as set forth in Subparagraph (A). above, will subject Defendant to the following penalties on Count Two:

- a maximum sentence of fifteen (15) years imprisonment;
- a maximum fine of $250,000.00, or both; and
- a term of supervised release of three (3) year(s).

Defendant further acknowledges that the Court is required to impose a mandatory assessment of $100.00 per count.

(C)   Defendant acknowledges and understands that the Court is not bound by any estimate of the probable sentencing range that Defendant may have received from Defendant's attorney, the United States, or the Probation Office. Defendant further acknowledges and agrees that Defendant will not be allowed to withdraw Defendant's plea on the ground that Defendant received an estimated guideline range from the United States, Defendant's attorney, or the Probation Office which is different from the guideline range computed by the Probation Office in



the Presentence Investigation Report or different from the guideline range found by the Court to be the correct guideline range.

(D)    Defendant understands fully and has discussed with Defendant's attorney that the Court will not be able to determine the appropriate guideline sentence until after a Presentence Investigation Report has been completed. Defendant understands and has discussed with Defendant's attorney that Defendant will have the opportunity to review the Presentence Investigation Report and to object to and challenge any facts reported therein. Defendant understands and has discussed with Defendant's attorney that any objections or challenges by Defendant or Defendant's attorney to the facts or recommendations presented in the Presentence Investigation Report or any disagreement with the Court's rulings on such objections or challenges will not be grounds for withdrawing the plea of guilty. Nothing in this agreement precludes the United States from providing full and accurate information to the Court and the Probation Office for use in calculating the advisory guideline range applicable to Defendant.

(E)    Defendant understands and has discussed with Defendant's attorney that after the Court determines the advisory guideline range applicable to Defendant, the Court has the discretion and authority to impose a sentence that is more severe or less severe than the sentence recommended by the guidelines.

(F)    Although 18 U.S.C. § 3742 authorizes defendants to appeal their sentences under certain circumstances, Defendant knowingly and voluntarily waives any right to appeal Defendant's sentence, including the amount of any restitution imposed as part of Defendant's sentence. Defendant's sentence appeal waiver does not apply if: (1) the Court imposes a sentence that exceeds the advisory guideline range as that range has been calculated by the Court at the time of sentencing; (2) the Court imposes a sentence that exceeds the statutory maximum; or (3) the

3



United States appeals Defendant's sentence under the authority of 18 U.S.C. § 3742(b). Nothing in this agreement shall deprive the United States of its right to appeal Defendant's sentence, as authorized by 18 U.S.C. § 3742(b). If, however, the United States appeals Defendant's sentence pursuant to this statute, Defendant is released from Defendant's waiver of Defendant's right to appeal altogether.

Defendant waives any right to collaterally attack Defendant's conviction and sentence under 28 U.S.C. § 2255, or to bring any other collateral attack, except that Defendant shall retain the right to bring a claim of ineffective assistance of counsel. This provision shall not bar the filing of a petition for writ of habeas corpus, as permitted by 28 U.S.C. § 2241.

Defendant understands and acknowledges that the waivers outlined herein may result in the dismissal of any appeal or collateral attack Defendant might file challenging Defendant's conviction or sentence. If Defendant files a notice of appeal or collateral attack, notwithstanding this agreement, Defendant agrees that this case shall, upon motion of the United States, be remanded to the Court to determine whether Defendant is in breach of this agreement and, if so, to permit the United States to withdraw from the plea agreement.

(G)     Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410 ordinarily limit the admissibility of statements made by a defendant during the course of plea discussions or plea proceedings. Defendant knowingly and voluntarily waives the protections of these rules by entering into this plea agreement. If, after entering into this plea agreement, Defendant fails to plead guilty, or the plea of guilty is later withdrawn, Defendant's statements in connection with this plea, including the stipulation of fact set forth below in paragraph (8), and any leads derived therefrom, shall be admissible for any and all purposes.



(H)  Defendant further agrees that all evidence, except biological evidence as defined in 18 U.S.C. § 3600A, if any, obtained in this investigation and prosecution may be destroyed or returned to its rightful owner 30 days after entry of the judgment or thereafter.

(I)  The United States and Defendant hereby agree that any breach of this agreement by Defendant occasioned by a failure to cooperate, by withholding information, giving of false information, perjury, or failure to testify in any judicial proceeding in connection with the individuals, matters, and transactions referred to in the Indictment, would: (a) not relieve Defendant of Defendant's plea of guilty; (b) permit the United States to reinstate and proceed with prosecution on any other charges arising from the matters referred to in this Indictment; (c) permit the United States to instigate and proceed with the prosecution of any other offenses arising from a breach of this agreement, including perjury, false declaration, false statement, and/or obstruction of justice; and (d) permit the United States to utilize against Defendant in any subsequent judicial proceeding any and all statements made by Defendant. If a legitimate issue arises as to whether or not there has been a breach of this agreement, said question shall be determined by the United States District Court for the Middle District of Georgia. The burden of establishing such a breach shall be upon the United States and shall be established by a preponderance of the evidence. The Federal Rules of Evidence shall not apply in any hearing to establish such a breach, but evidence shall be admitted and excluded at the Court's discretion.

(4)

In exchange for the consideration set forth in Paragraph (3) above, the United States agrees as follows:

(A)  The United States will accept the plea of guilty by Defendant as provided in Paragraph (3)(A), above, in full satisfaction of all possible federal criminal charges, known to the



United States Attorney at the time of Defendant's guilty plea, which might have been brought against Defendant solely in this district. The United States agrees to dismiss all remaining counts of the pending Indictment in exchange for Defendant's plea of guilty to Count Two of the Indictment.

(B)   The United States agrees that it will file a motion requesting that Defendant's offense level be reduced by one level under U.S.S.G. § 3E1.1(b) for timely notifying the United States of Defendant's intention to enter a guilty plea, but Defendant understands that whether Defendant is entitled to any offense-level reduction under U.S.S.G. § 3E1.1 is entirely within the Court's discretion. The United States reserves the right to furnish the Court with full and accurate information and/or argue against the two-level reduction for acceptance of responsibility if Defendant engages or has engaged in conduct inconsistent with accepting responsibility, as defined in U.S.S.G. § 3E1.1 and its commentary.

(5)

Nothing herein limits the sentencing discretion of the Court. The United States and Defendant understand and agree that the Court should consider its sentence in light of the advisory United States Sentencing Guidelines. Defendant therefore agrees that at sentencing the Court may determine any fact pertinent to Defendant's sentence by a preponderance of the evidence and the Court may consider any reliable information, including hearsay. Defendant expressly waives any claim of right to an indictment, trial by jury, and/or proof beyond a reasonable doubt on any factual determinations that pertain to the sentence to be imposed by the Court.

(6)

This agreement constitutes the entire agreement between Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the

6



United States, including any Assistant United States Attorney, concerning any plea to be entered in this case. In particular, Defendant acknowledges and agrees that no one has promised Defendant that the Court will impose any particular sentence or a sentence within any particular range in order to induce this plea. In addition, Defendant states that no person has, directly or indirectly, threatened or coerced Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

Defendant understands that this agreement binds only the Office of the United States Attorney for the Middle District of Georgia, and that the agreement does not bind any other component of the United States Department of Justice, nor does it bind any state or local prosecuting authority, unless expressly stated herein.

(7)

As an aid to this Court, the United States and Defendant, by and through Defendant's attorney, enter into the following Stipulation of Fact. This stipulation is entered into in good faith with all parties understanding that the stipulation is not binding on the Court. Under U.S.S.G. § 6B1.4(d) (Policy Statement), this Court may accept this stipulation as written. The facts set forth below are intended to allow the Court to satisfy it obligation under Federal Rule of Criminal Procedure 11(b)(3) to ensure that an adequate factual basis to support the plea exists. In determining an appropriate guideline range or ultimate sentence, the Court, in its discretion, and consistent with its obligation to determine the facts relevant to sentencing, may consider other information in addition to the facts set forth here.

Subject to the above paragraph, the United States and Defendant stipulate and agree that Defendant is in fact guilty of the offense to which Defendant is pleading guilty, that the following

7



facts are true and correct, and that the United States at trial could prove the following facts beyond a reasonable doubt:

On January 18, 2024, investigators with the Columbus Police Department's Gang Unit, made contact via a social media platform with a subject who advertised Glock "switches" and firearms equipped with machine gun conversion devices ("MCD") for sale. The subject was later identified as Defendant. On January 26, 2024, an Undercover Agent ("UC") with ATF contacted Defendant and arranged for the purchase of machine guns. Defendant told the UC he had firearms with MCDs attached available; specifically, an AR pistol and a Glock. UC met Defendant at the agreed upon location in Columbus, Georgia. UC observed Defendant exiting the rear passenger seat of a black in color Kia Soul, walked across the parking lot carrying a bookbag, and entered the UC's vehicle. During the transaction, Defendant reaffirmed the Glock had a switch and the AR pistol was "fully", meaning it had a MCD attached and functioned as a machine gun.

The UC purchased the following items:

1) Glock model 17, 9x19mm caliber firearm, with attached Glock Switch, serial number: BFZY004, for $500.00;

2) Three (3) rounds of assorted 9mm ammunition; and,

3) Privately Made Firearm ("PMF") a/k/a " ghost gun", AR-styled pistol, 223 caliber, JMT Gen 2 lower with unidentified complete upper and no serial number for $600.00

A total of $1,100.00 was used for this purchase. An expert with the ATF's Firearms and Ammunition Technology Division ( "FATD") examined the Glock model 17 and confirmed it was affixed with an MCD that converted the Glock semi-automatic pistol to fire automatically. The Glock MCD affixed to the pistol is a combination of parts designed and intended for use in converting a weapon into a machinegun and thus is itself a "machinegun," as defined in 18 U.S.C.



§ 921(a)(24) and 26 U.S.C. § 5845(b), and a "firearm," as defined in 26 U.S.C. § 5845(a)(6). The Glock pistol with the attached MCD was function tested and determined to be able to fire fully automatic as documented in the FATD report. The Glock model 17 was made in Austria and imported into Georgia; thus it travelled in interstate and foreign commerce. However, the expert determined the PMF, .223 caliber AR pistol only fired semi-automatic and was thus not a machine gun as advertised.

A few weeks later, the UC arranged for the purchase of a fully automatic firearm and a Glock MCD Defendant claimed he had for sale. On February 29, 2024, the UC arrived at the agreed upon location in Columbus, Georgia. The UC observed Defendant exit a residence carrying a bookbag with a firearm handle visibly sticking out. The UC then purchased the following:

1) Palmetto State Armory Model: PA-15 AR-pistol bearing serial number SCD640785 with a loaded magazine; and,
2) A purported Glock MCD.

ATF agents later examined the Palmetto AR pistol and discovered it was not equipped with a MCD as advertised; therefore, it did not have the ability to fire automatically. Agents also discovered the purported Glock MCD was simply a Glock back plate and not an MCD; therefore, it was not a machine gun.

Defendant admits on January 26, 2024, he knowingly transported, transferred, and otherwise disposed of a Glock model 17, 9x19mm caliber firearm, with attached machine gun conversion device, bearing serial number BFZY004, in or otherwise affecting commerce, knowing or having reasonable cause to believe the the use, carrying, or possession of the firearm by the recipient would constitute a felony.



ACCEPTANCE OF PLEA AGREEMENT

Defendant understands and has fully discussed with Defendant's attorney that this agreement shall become effective only upon the Court's acceptance of this agreement and the Court's acceptance of the plea of guilty by Defendant.

SO AGREED, this 17 day of December, 2024

                    PETER D. LEARY
                    UNITED STATES ATTORNEY

BY: _____
                    CHRISTOPHER WILLIAMS
                    ASSISTANT UNITED STATES ATTORNEY



I, *MATTHEW AZOR*, have read this agreement and had this agreement read to me by my attorney, *JESSY LEE*. I have discussed this agreement with my attorney and I fully understand it and agree to its terms. Defendant acknowledges that Defendant authorized and consented to the negotiations between the United States and the attorney for Defendant that led to this agreement.

_Matthew Azor_
*MATTHEW AZOR*
DEFENDANT

I, *JESSY LEE*, attorney for Defendant *MATTHEW AZOR*, have explained the Indictment and the United States' evidence received through discovery and my investigation of the charge to Defendant. I believe Defendant understands the charge against Defendant and the evidence that would be presented against Defendant at a trial. I have read this agreement, have been given a copy of it for my file, and have explained it to Defendant. To the best of my knowledge and belief, Defendant understands this agreement.

_/s/ Jessy Lee_
*JESSY LEE*
ATTORNEY FOR DEFENDANT